# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3899 | DATE | 10/29/2002 |
| CASE TITLE | William T. Divane, et al. vs. Nextiraone | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 11/6/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Motion for judgment on the pleadings (4-1) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 30 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SLB | courtroom deputy's initials | | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. DIVANE, JR., KENNETH J. BAUWENS, MICHAEL J. CADDIGAN, I. STEVEN DIAMOND, SAMUEL EVANS, MICHAEL FITZGERALD, THOMAS C. HALPERIN, DANIEL MEYER, RICHARD SIPPLE, and MICHAEL L. WALSDORF, as the ELECTRICAL INSURANCE TRUSTEES, <br><br> Plaintiffs, <br><br> v. <br><br> NEXTIRAONE, LLC, <br><br> Defendant. | 02 C 3899 <br><br> Judge George W. Lindberg |

**DOCKETED**

OCT 3 0 2002

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 12(c), for entry of judgment on the pleadings. For the reasons stated below, the motion for judgment on the pleadings is denied.

Plaintiffs are the trustees under an agreement between the Electrical Contractors' Association of City of Chicago ("ECA") and Local 134, International Brotherhood of Electrical Workers. Defendant agreed to the terms of a collective bargaining agreement between the ECA and Local 134. The complaint alleges that defendant breached its obligation under the collective bargaining agreement to furnish a bond guaranteeing the payment of fringe benefit contributions, with plaintiffs as obligee. Specifically, the complaint alleges that defendant's fringe benefit bond was canceled effective May 25, 2002, and that defendant has failed to provide a replacement. Plaintiffs now move for judgment on the pleadings, and ask the court to enter an order enjoining

defendant from continuing to work within the scope of the work clause of the agreement and within the jurisdiction of Local 134.

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standard that applies to a motion to dismiss under Rule 12(b)(6). United States v. Wood, 925 F.2d 1580, 1581 (7th Cir. 1991). Accordingly, a Rule 12(c) motion should not be granted unless, viewing all of the facts alleged in the pleadings in the light most favorable to the nonmoving party, the court is convinced that the nonmoving party can plead no facts to establish a claim or defense. See id.

In response to the motion, defendant argues that material facts remain in dispute, because defendant's answer denies that defendant failed to provide a fringe benefit bond to replace the bond canceled on May 25, 2002. Attached to the answer is a fringe benefit bond executed on behalf of defendant in favor of plaintiffs, which went into effect on May 25, 2002 and covers liability up to $1,000,000.

Plaintiffs contend that they nevertheless are entitled to judgment on the pleadings, because the bond attached to defendant's answer deviates from the trustees' standard form by including a cap on the surety's liability, and because the bond was not furnished to the trustees. The complaint alleges that the collective bargaining agreement provides, in pertinent part:

> The Company shall furnish two bonds, each with corporate surety, one to guarantee the payment of wages with the Union as "obligee" and the other to guarantee the payment of fringe benefit contributions with the Electrical Insurance Trustees as "obligee."...The fringe benefit bond shall be on a standard form provided by the Electrical Insurance Trustees (an example is included in Appendix "K" of this Agreement).

Defendant answers this allegation by stating: "To the extent Plaintiffs inaccurately and/or

2

incompletely summarize the content of the Communications Agreement, those allegations are denied. Defendant refers the Court to the Communications Agreement for a recitation of its full and complete terms."

Defendant's answer does not comply with Federal Rule of Civil Procedure 8. Rule 8 gives defendants only three options in how to answer an averment in a complaint: admit it; deny it; or state that the defendant is without sufficient knowledge or information to form a belief as to its truth, which has the effect of a denial. See Fed. R. Civ. P. 8(b). Defendant's answer, which invites the court to peruse the agreement and answer plaintiff's averment itself, neither admits, denies, nor protests its lack of knowledge or information. Therefore, the court deems the answer to admit that the collective bargaining agreement contains a requirement that the fringe benefit bond conform with a standard form such as attached as Appendix "K" to the agreement.

Matters are complicated, however, by the fact that plaintiffs attached only portions of the collective bargaining agreement to the complaint. The incomplete copy of the collective bargaining agreement that is attached to the complaint does not include the standard bond form. Nor does the complaint quote the language of the standard bond form. In an effort to remedy this situation, plaintiffs have attached what purports to be the standard bond form to their reply brief.

Normally, in ruling on a motion for judgment on the pleadings, the court may not consider documents other than the pleadings. Wood, 925 F.2d at 1581. An exception to this rule is that the court may consider documents that have been attached as exhibits to the pleadings or incorporated by reference in the pleadings. Id. at 1581-82; Fed. R. Civ. P. 10(c). Thus, here the court could have considered the standard bond form in ruling on plaintiffs' motion for judgment

on the pleadings had plaintiffs attached it to the complaint.[1] It is less clear, however, whether the court can consider the standard bond form when plaintiffs belatedly attach it to a reply brief. Certainly it would be unfair to do so without giving defendant an opportunity to respond. See Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 597 (7th Cir. 1997) (arguments raised for the first time in a reply brief can be deemed waived because the opposing party has not had the opportunity to address them). Moreover, it is unclear whether plaintiffs' document is the document attached to the collective bargaining agreement.

The court invited defendant to address the authenticity of the document submitted by plaintiffs, an exercise that failed to shed light on the issue, since defendant's sur-reply that followed failed to address whether the standard bond form is the one that was attached to the collective bargaining agreement. Instead, defendant merely argued that since the document was not attached to the complaint or incorporated into the pleadings, the court should not consider it. The court must conclude that, at this stage, a dispute remains as to the authenticity of the standard form bond attached to plaintiffs' reply brief since, in its filings thus far, defendant has not admitted that this document is the standard form referenced in the collective bargaining agreement, or otherwise conceded its authenticity. Therefore, the court will not consider this document in ruling on the motion for judgment on the pleadings. Cf. Wright v. Associated Ins. Cos., 29 F.3d 1244, 1248 (7th Cir. 1994) (concluding that district court properly considered

---

[1] By the same token, the court could have considered it had defendant attached it to a motion to dismiss, since the collective bargaining agreement is central to plaintiffs' claim and the standard bond form was part of the collective bargaining agreement. See Venture Assocs. Corp. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim").

4

agreement attached to defendants' motion to dismiss, where affidavit authenticated agreement, and plaintiff repeatedly referred to agreement and quoted from it in complaint); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1385 (10th Cir. 1997) (concluding that district court properly considered letter submitted as exhibit to defendant's motion to dismiss, where plaintiff did not dispute letter's authenticity, and had referred to letter and quoted from it in amended complaint, and referred to it throughout brief).

Without the standard bond form before it, the court cannot determine whether defendant's bond complies with the requirements of the collective bargaining agreement. Nor can the court consider plaintiffs' allegation in its motion that defendant failed to furnish the bond to plaintiffs, as that is a matter outside the pleadings. Accordingly, plaintiffs' motion for judgment on the pleadings is denied.[2]

The court also denies plaintiffs' request that the court enjoin defendant from continuing to work within the jurisdiction of Local 134. Injunctive relief is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The plaintiff first must show: (1) a likelihood of success on the merits, (2) irreparable harm if injunctive relief is denied, and (3) the inadequacy of any remedy at law. Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). If the plaintiff makes this threshold showing, the court must then balance the harm to the plaintiff that would result if the injunction were wrongfully denied against the harm to defendant if the

---

[2] Neither party has asked the court to convert the motion for judgment on the pleadings to a motion for summary judgment, as is permitted by Federal Rule of Civil Procedure 12(c). The court notes that if it did so, the motion for summary judgment would also be denied, since plaintiffs have not authenticated the standard bond form attached to their reply brief.

5

injunction were wrongfully granted, and the impact on the public interest. Id.

As discussed above, at this point plaintiffs have not demonstrated a likelihood of success on the merits. Nor do the pleadings support the conclusion that plaintiffs would suffer irreparable harm without injunctive relief or that monetary relief would be an inadequate remedy. Accordingly, plaintiffs' request for injunctive relief is denied.

**ORDERED:** The motion for judgment on the pleadings [4-1] is denied.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: OCT 29 2002